In an action to recover damages for wrongful death, defendant Consolidated Edison Company of New York, Inc., appeals from a judgment against it and in favor of plaintiff, entered upon a verdict of the jury, in the sum of $165,000. Plaintiff’s intestate was electrocuted when a cable running from an eighty-foot boom of a crane being used to unload steel from a truck owned by the nonappealing defendants came into contact with an overhead electric wire, owned and maintained by appellant, carrying a current of 2,400 volts, about thirty-four feet above the sidewalk. It was plaintiff’s claim, and the jury by its verdict found upon ample evidence, that while the decedent was on the truck, it negligently was permitted to roll forward toward the street, a distance of seven or eight feet, drawing with it the cable which was being held by decedent, and causing it to strike appellant’s wire. The steel was to be used in the erection- of a building abutting on the street along which appellant’s wires were strung; and the crane was on the lot where the construction was to take place. The crane and the steel were brought to the premises for the first time on the morning of the accident, which occurred between 9:0fl a.m. and 10:00 a.m. Appellant coneededly had no actual notice that a crane would be in operation at the scene on that day and had no knowledge when construction operations were to commence; but it was aware, through plans which had been received by its representative some time previously, that a one-story building would be constructed at the building line at *1121 that location and knew the dimensions and physical layout of the proposed building. Judgment, insofar as appealed from, reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. If appellant had knowledge of the conditions existing at the scene of the accident, the jury could properly have found that the happening of the accident was within the range of reasonable apprehension, and that appellant had failed to take the precautions commensurate with the danger involved. {Ward v. New York State Elec. <§ Gas Corp., 290 N. Y. 325; Bennett v. New York & Queens Elec. Light & Power Co., 294 1ST. Y. 334.) In our opinion, however, there was no proof whatsoever that appellant had any notice of the operation of a crane in proximity to its wires. Mere knowledge that a building was to be erected on a lot fronting on a street over which appellant maintained its wires, even though coupled with the knowledge that a crane would be used in the course of the construction, was insufficient, without more, to charge appellant with the duty of de-energizing or moving its lines, or taking other precautions to avoid injury to persons working in the vicinity. A contrary determination, when considered in relation to the size of the territory served by appellant, the great number of miles of overhead wire maintained by it, and the number of building operations within that territory, would result in the imposition of an obligation so onerous as to be practically impossible of execution. (Cf. Schmeer v. Gas Light Go., 147 N. Y. 529, 541.) In any event, a new trial would be granted, as in our opinion the verdict was excessive and was against the weight of the evidence on the question of notice. Nolan, P. J., Johnston, Adel and Wenzel, JJ., concur; MacCrate, J., not voting.